UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALEXI ADONAY MEJIA LAINEZ,

Petitioner,

v. Case No.: 2:26-cv-02517-SPC-NPM

DAVID HARDIN *et al.*,

Respondents,
_______________________________/

**OPINION AND ORDER**

Before the Court are Alexi Adonay Mejia Lainez's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 5), and Mejia Lainez's reply (Doc. 6).

Mejia Lainez is a native and citizen of El Salvador who entered the United States as a 12-year-old unaccompanied minor on May 7, 2016. The Office of Refugee Resettlement released him to the custody of his mother, and he has resided in Florida since then. He is married to a U.S. citizen, and he owns and operates a Florida limited liability company. He has other family connections in the country, including a cousin who currently serves in the U.S. Army. On August 7, 2026, Mejia Lainez reported to the Broward County Jail to resolve an outstanding traffic warrant. The next day, Immigration and Customs Enforcement (ICE) issued a notice to appear and took Mejia Lainez into custody.

At a custody redetermination hearing on August 28, 2026, Immigration Judge Frank Pimentel found Mejia Lainez to be a flight risk because he had been arrested for failure to appear in court for a traffic offense. There is no dispute that Judge Pimentel's characterization of Mejia Lainez's arrest is materially incorrect. An arrest for failure to appear would indicate a flight risk, while Mejia Lainez's self-surrender is evidence that he is not a flight risk.

Mejia Lainez claims his detention violates the Fifth Amendment because Judge Pimentel's bond denial was based on a mischaracterization of the facts. The Court ordered the government to "respond to all allegations, grounds, and arguments asserted in the Petition." (Doc. 4). The government did not comply. Instead, the government's one-page response merely argues the petition is moot because Mejia Lainez agreed to voluntary departure in a master calendar hearing held on September 15, 2026. Mejia Lainez argues the voluntary departure agreement was not voluntary. Four days before the hearing, his immigration attorney, Edward Cifuentes, filed a motion to continue. The motion describes a breakdown in communication and cooperation and states that Mejia Lainez had obtained new counsel and does not intend to abandon any application or opportunity for relief. The hearing went forward on September 15, 2026, despite the motion, and Cifuentes represented Mejia Lainez. Mejia Lainez claims Cifuentes never once spoke to him. Immigration

Judge Stuart Siegel deemed all applications for relief abandoned and executed a voluntary departure agreement.

Mejia Lainez readily concedes that this Court is not the proper venue to challenge the voluntary departure agreement, and he and his current counsel are challenging it in immigration court. For the purposes of this case, it is enough to note that Mejia Lainez has a cognizable claim for reopening his immigration case. *See*, *e.g.*, *Flores-Panameno v. U.S. Attorney General*, 913 F.3d 1036 (11th Cir. 2019). Thus, Mejia Lainez remains detained pending a decision on whether he will be removed from the country, and the existence of the challenged voluntary departure agreement does not render his habeas petition moot.

Because Mejia Lainez's due process claim presents a live controversy and falls within the Court's habeas jurisdiction, the Court must address it. The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The Supreme Court has also recognized that the Due Process Clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993).

Immigration detention is civil in nature, and civil detention violates the Fifth Amendment unless "a special justification…outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas*, 533 U.S. at 690 (internal quotation marks and citation omitted). "Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action." *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992). An agency decision is arbitrary if "the agency relied on factors not intended by Congress, ignored an important aspect of the issue, or *offered an explanation that contradicts the evidence before it*." *Ashraf v. U.S. Drug Enforcement Admin.*, 153 F.4th 1161, 1167 (11th Cir. 2025) (emphasis added).

The government does not dispute that Judge Pimentel materially mischaracterized the evidence when denying release on bond, or that the mischaracterization was the stated reason for the bond denial. Because the government's explanation for Mejia Lainez's continued detention without bond contradicts the evidence before it, the decision is arbitrary.

In sum, Mejia Lainez made a *prima facie* case that his detention violates his Fifth Amendment liberty rights, and the government presents no evidence to justify for his detention.

Accordingly, it is hereby

**ORDERED**:

Alexi Adonay Mejia Lainez's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1) Within 24 hours of this Order, the government shall release Mejia Lainez and facilitate his transportation from the facility by notifying his counsel when and where he can be collected.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on September 22, 2026.

Sheri Polster Chappell
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties or Record