UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALEXI ADONAY MEJIA LAINEZ,

Petitioner,

v. Case No.: 2:26-cv-02517-SPC-NPM

DAVID HARDIN *et al.*,

Respondents,

_______________________________/

**OPINION AND ORDER**

Before the Court are Alexi Adonay Mejia Lainez's Emergency Motion to Enforce Judgment (Doc. 11), the government's response (Doc. 13), and Mejia Lainez's reply (Doc. 14).

Mejia Lainez is a national of El Salvador who has lived in the United States since he was twelve years old. He has significant connections to this country—including a U.S. citizen wife—and the government has never provided any reason to believe he is a danger to the community or a flight risk. He filed this action to challenge the lawfulness of his detention in Immigration and Customs Enforcement (ICE) custody. The Court found the government violated Mejia Lainez's Fifth Amendment right to due process because the immigration judge who denied bond did so based on a material misrepresentation of the evidence. Specifically, the immigration judge denied bond based on a nonexistent arrested for failure to appear. In fact, Mejia

Lainez had voluntarily reported to the Broward County Jail to resolve an outstanding traffic issue. The Court found the decision to detain Mejia Lainez arbitrary and ordered his release. In the meantime, Mejia Lainez is continuing to challenge a voluntary departure order based on the ineffective assistance of his former counsel. A motion to reopen is pending before the Board of Immigration Appeals, as is a motion to stay removal. This Court does not have jurisdiction to interfere with those issues, but they provide important context. The Court will not presume to judge the motions' chances of success, but they are cognizable, and the Court anticipates they will be decided on their merits.

ICE released Mejia Lainez on September 23, 2026, under an Order of Release on Recognizance (ORR). He has faithfully complied with it. On November 5, 2026, Mejia Lainez reported to an ICE office as required by the ORR. ICE arrested and detained him without notice or an explanation. Mejia Lainez filed the instant motion to challenge his re-detention. In response, the government states it is detaining Mejia Lainez under 8 U.S.C. § 1231 because the voluntary removal order became an administratively final order of removal when Mejia Lainez filed the motion to reopen. *See* 8 C.F.R. § 1240.26(b)(3)(iii).

There is no doubt that detention is a constitutionally valid part of removal. *Demore v. Kim*, 538 U.S. 510, 523 (2003). It is also "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). So while the

government might have a statutory basis to re-detain Mejia Lainez, it must afford him due process. According to the record evidence, it has not. The purpose of post-removal order detention is to facilitate removal. *See Zadvydas v. Davis*, 533 U.S. 678 (2001). So it makes sense that according to federal regulation, a noncitizen under a removal order can be taken into custody "pursuant to the warrant of removal." 8 C.F.R. § 241.3(a). Mejia Lainez has not seen a warrant of removal, and the government does not claim one has issued. Nor did the government revoke the ORR in accordance with 8 C.F.R. § 236.1(c)(9). That regulation gives certain officials discretion to revoke release and return a noncitizen to government custody.

In short, ICE has re-detained Mejia Lainez without the process outlined in its regulations, without evidence his removal is imminent, and without reason to believe he is a flight risk or a danger to the community. Accordingly, Alexi Adonay Mejia Lainez's motion to enforce (Doc. 11) is **GRANTED**. Within 12 hours of this Order, the government shall release Mejia Lainez and facilitate his transportation from the facility by notifying his counsel when and where he can be collected.

**DONE AND ORDERED** in Fort Myers, Florida on November 9, 2026.

Sheri Polster Chappell
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties or Record